## CHARLES DUELL v. CHARLES CUDLIPP.

G. having, without the knowledge or consent of the owner, pledged with the defendant, a pawnbroker, property belonging to P., whether the defendant has any lien upon it for his advance—*quære?*

The pawn-ticket having been assigned to P., and notice of her ownership of the property and of the assignment of the ticket to her having been given to the defendant, he is liable to her for the value of the property, if he afterwards delivers the property to the original pledgor.

No action can be maintained by an owner of a chattel, when the assignment under which he claims transfers the property only, except for a conversion of the chattel subsequent to such assignment.

And when the transfer or assignment is made to the plaintiff after the property has passed out of the defendant's possession, a demand of it by the plaintiff from the defendant, and a refusal on his part to give it up, because he had actually parted with its possession to the person from whom he received it, does not constitute a conversion.

APPEAL by defendant from a judgment of the Third District Court. This action was brought to recover damages for the value of a diamond ring, valued at $75 to $80. The defendant was a pawnbroker. The ring belonged to Mrs. Estella C. Proser. It was taken by one William L. Green, whether by her authority or not was a disputed question, and pledged with the defendant, he advancing $20 on it. Green afterwards gave the pawn-ticket to Mrs. Proser, who immediately gave the defendant notice of her ownership of the property and of her possession of the ticket, and gave him notice not to deliver the ring to any one but her, and the defendant made an entry of her claim in his book. He afterwards, however, gave it up to Mr. Green, who made the usual affidavit of the loss of the pawn-ticket. Thereafter Mrs. Proser tendered the defendant the amount of his advance, and demanded of him the ring, with which demand he was of course unable to comply. She then transferred her property in the ring to the present plaintiff, who repeated the tender and demand, and then brought this action. Judgment was rendered for the plaintiff, and the defendant appealed.

*Tomlinson, Walden and Brigham,* for the appellant.

*William R. Stafford,* for the respondent.

INGRAHAM, FIRST JUDGE.—Whether or not Mrs. Proser agreed to permit Mr. Green to take the ring and pawn it was a question of fact for the justice, and with his finding this court ought not to interfere. Green stated that she gave permission to him to use it. Mrs. Proser says she never gave the ring to Green; that he took it without her permission or consent; and that she had no idea he would take it. The subsequent reception of the pawn-ticket and offer to pay the defendant the money advanced by him were not sufficient to establish such consent. They were but efforts on her part to save the property from going back to the party who had improperly taken the ring from her. It seems to me very improbable that a person, who would not lend another $20, would voluntarily place in his possession a ring worth $80 to pawn.

The finding of the justice in favor of the plaintiff is based on the proof that no authority was given to Green to pawn the ring, and it may well be doubted whether the defendant had any lien upon it at all; but when he had notice of the transfer of the ticket to Mrs. Proser, and that the property was hers, that she had offered to pay the amount loaned, and that he had entered in his book notice of such claim, I think the defendant was wrong in delivering up the property to Green, and should be held liable.

Whether or not he should be allowed the amount for which it was pawned does not appear to have been discussed upon the trial. If there was no permission given to Green to take the ring, there could have been no authority to pawn it, and the defendant could obtain no title to the property; but, as this is not made a ground of appeal, it is not necessary to discuss it.

I think, however, there is a difficulty in sustaining this judgment on the facts proven.

The assignment to the plaintiff was on the 1st of February,

1856. The action was commenced on the 5th of February, 1856. The demand, to entitle the plaintiff to recover, must have been made after the assignment. At that time the property was not in the defendant's possession, and a demand of it from him, with a refusal to give it, because it had passed out of his possession to another, did not prove a conversion. It is immaterial in this case whether Mrs. Proser could have maintained the action or not. It is clear that there has been no conversion of the property since the plaintiff has held the title to it.

In *McKee* v. *Judd* (2 Kernan, 622), in which the Court of Appeals held that a right of action for the conversion of personal property was assignable, the instrument of assignment was a general conveyance of all the assignor's property and estate. In the present case the assignment transfers nothing but the property, and without a demand and refusal, or a conversion after the assignment, the present plaintiff could maintain no action for the property.

The complaint in this case was for detaining a diamond pin, the answer a general denial, and the proof is conclusive that before the plaintiff had any title to the pin the defendant had parted with the possession. That an action to recover the property, under such circumstances, cannot be maintained was settled in *Roberts* v. *Randal*, 3 Sand. S. C. Rep. p. 707; *Brockway* v. *Brough*, 8 How. Pr. Rep. p. 188; and those cases have been followed by this court in several instances.

In order to have brought this case within the rule, as laid down in 2 Kernan, p. 622, the assignment should have transferred any cause of action for the conversion, as the mere transfer of the property does not give a right of action against a party who has ceased to detain it before the plaintiff's title accrued. *Hill* v. *Covell*, 1 Com. 522.

Judgment reversed.